STATE OF NEBRASKA, EX REL. DAVID MORRISON ET AL., RELATORS, V. JAMES A. CLARK, RESPONDENT.

1. **Forcible Entry and Detainer**: APPEAL BOND. In an action of forcible entry and detainer, where after judgment a party desires to appeal to the district court, and a bond is presented to such justice in proper form, signed by at least two sufficient sureties, it is the duty of the justice to approve the same.

2. ———: ———: WAIVER. In such action the sureties on an appeal bond need not sign the same in the presence of a justice. If the justice requires proof of the genuineness of the signatures, or of the sufficiency of the sureties, he should make it known when the bond is received by him, or soon thereafter; otherwise the objection will be waived.

ORIGINAL application for a writ of mandamus.

*Thomas J. Clark* and *Lamb, Ricketts & Wilson*, for relators.

*J. M. Stewart* and *A. H. Connor*, for respondents.

An appeal is a valuable right, and being in furtherance of justice, the laws relating to it are to be liberally construed, and it devolves upon the justice, by the prompt performance of his duty, to aid in perfecting such appeal.

MAXWELL, J.

An alternative writ of mandamus was issued in this case, requiring the defendant, who is a justice of the peace, to approve a certain appeal bond in an action tried before him, or show cause why he refuses to do so.    To this writ the defendant made return, as follows: "In answer to the petition filed herein, and in return to the alternative writ of mandamus issued in the above entitled cause, says: That he admits that, on the 23d day of January, 1888, one

Elizabeth Tomiskey recovered a judgment before this defendant, as justice of the peace in and for Buffalo county, against the said relator and George Miller, for the possession of a certain hotel building, as in said petition set forth.

"2d. Respondent denies that the defendants in said suit before this defendant, as justice of the peace, or either of them, within the ten days allowed by law filed with this defendant a good and sufficient appeal undertaking for the purpose of perfecting an appeal in said cause.

"3d. Respondent denies that said defendants in said forcible detainer proceedings, or either of them, demanded of this respondent a transcript, or made any tender in a legal manner of the requisite amount of money to cover the fees of this respondent, as justice of the peace, for the writing up of said transcript.

"4th. Respondent admits that he refused to approve a certain pretended appeal bond handed to him by the relator, David Morrison, on or about the second day of February, 1888, and as a reason for said refusal upon the part of this respondent, as said justice of the peace, to so approve said bond as an appeal bond, said respondent,

"5th. Alleges that the persons who signed, or pretended to have signed, said undertaking did not sign or execute the same in the presence of this respondent, as such justice of the peace, and that said undertaking was signed, if signed at all, by the parties purporting to sign the same, out of the presence of this respondent, and that it was out of the power of this respondent to satisfy himself as to the solvency of said signers, or pretended signers, nor did he have any positive knowledge that said undertaking was signed at all by the parties by whom it purported to be signed, and for these reasons respondent did not feel it to be the exercising of good judgment and sound discretion to approve said undertaking, and therefore he refused to do so.

"6th.    Respondent further says that, on the 27th day of March, 1888, a writ of ouster was issued by him and placed in the hands of legal authority to execute, and in pursuance of said writ said officer proceeded to dispossess said relator and Miller; that at said time it became necessary to execute said writ, from the fact that said relator entered into a written agreement by which the said relator agreed to give up possession to one ———— Kennedy, the lessee of this said Elizabeth Tomiskey, and remain in said hotel as the boarder of said ——— Kennedy, recognizing by said agreement the said Kennedy as the proprietor and keeper of said hotel, and in pursuance of said agreement said hotel was turned over to the said Kennedy, and the keys of the same were duly placed in his custody."

A referee was appointed to take testimony as to the sufficiency of the sureties on the appeal bond filed with the defendant.    A large amount of testimony was taken, which is now before the court.    From this testimony it appears that at least two of the sureties were amply sufficient, of which the defendant had knowledge.

Sec. 1030 of the code provides that, "Exceptions to the opinion of the justice, in cases under this chapter, upon questions of law and evidence, may be taken by either party, whether tried by a jury or otherwise, or either party may appeal from the judgment rendered by such justice by giving bond, with two responsible sureties to be approved by the justice, conditioned: If the plaintiff appeals, to satisfy the final judgment and costs; if the defendant appeals, to satisfy the final judgment and costs, and pay a reasonable rent for the premises during the time he wrongfully withholds the same."

There is no requirement in the statute that the sureties shall appear before the justice and sign an appeal bond. If there is doubt as to the genuineness of the signatures, he may, no doubt, require proof that the bond was actually signed by the persons whose names appear thereon.    But

State v. Clark.

where the chief objection is, that there is no proof of such signatures, it must be made at the time the bond is presented and received by the justice. In other words, the particular objection to a bond presented to a justice for his approval must be made at or soon after the time of receiving the same, and an opportunity given the appellant to correct the alleged defect. An appeal is a valuable right, and being in furtherance of justice the laws relating to it are to be liberally construed. The justice, therefore, is to aid as far as possible in perfecting an appeal. The fact that the appeal is from his judgment is no reflection, either upon his integrity or ability. It is a right which the statute has conferred upon the parties, and the justice having done his duty as he understood it, may, with a feeling of indifference, certify the result to an appellate court. We do not care to comment upon the testimony at length, but it is apparent that the defendant failed to perform his duty in not approving the bond tendered to him by the relators. It follows that a peremptory writ of mandamus will issue, commanding the defendant to approve the appeal bond in controversy in this case, and certify the proceedings to the district court of Buffalo county.

JUDGMENT ACCORDINGLY.

THE other judges concur.