McKINLEY & LANNING ET AL. v. JOHN T. CHAPMAN.

FILED JUNE 30, 1893.    No. 4765.

1. **County Courts:** APPEAL. In a civil action in the county court an appeal is to be taken in the same manner as if before a justice of the peace.

2. ———: ———: BONDS: TIME FOR FILING. An undertaking for an appeal delivered to the county judge at 9:30 P. M. of the tenth day after the judgment is rendered is within ten days, and the appeal is taken within the time fixed by statute.

ERROR from the district court of Box Butte county. Tried below before KINKAID, J.

*Thomas Darnall* and *John P. Arnott*, for plaintiffs in error:

An appeal undertaking is filed in time when it is delivered to the county judge at 9:30 P. M. of the tenth day

after judgment. (*Dale v. Doddridge*, 9 Neb., 143; *McGavock v. Pollack*, 13 Id., 537; *Helphenstine v. Vincennes National Bank*, 65 Ind., 589.)  A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file.  (*Sutton v. McCoy*, Wright [O.], 95; *Peterson v. Taylor*, 15 Ga., 484; *Perkins v. Strong*, 22 Neb., 731.)

*Fowler & McNamara* and *W. M. Iodence, contra.*

MAXWELL, CH. J.

A trial was had in this case in the county court on the 8th day of July, 1890, and judgment rendered against the plaintiffs in error for the sum of $450.  On the 18th of the same month the plaintiffs placed their undertaking for an appeal in the hands of the county judge, whereupon the next day he made the following record of such filing:

"In the County Court Box Butte County, State of Nebraska.

"JOHN T. CHAPMAN  
  V.  
MCKINLEY & LANNING,  
  JOB HATHAWAY, AND  
  H. B. AUSTIN.

"I, D. K. Spacht, county judge within and for the county of Box Butte, state of Nebraska, hereby certify that the appeal undertaking in this case was handed to me by Daniel Roberts and left with me on the 18th day of July, 1890, at 9:30 P. M., at my residence, in Box Butte county, Nebraska; that the said undertaking in appeal was entered of record in said case and securities thereon approved by me the 19th day of July, 1890.

" Witness my hand and official seal this 26th day of July, A. D. 1890.

  "[SEAL.]                    D. K. SPACHT,
                                   "*County Judge.*"

A transcript was thereupon duly filed in the district court. The defendant in error in that court moved to dismiss the appeal because the undertaking was not filed in ten days from the date of the rendition of the judgment. The motion was sustained and the appeal dismissed, from which order the cause is brought into this court.

Section 26, chapter 20, Compiled Statutes, provides: "In civil actions brought under the provisions of this chapter either party may appeal from the judgment of the probate court, or prosecute a petition in error, in the same manner as provided by law in cases tried and determined by justices of the peace. The amount of the bond or undertaking taken shall be double the amount of the judgment and costs, and shall be approved by the probate judge."

Section 7 of the same chapter provides: "It shall be the duty of the probate judge, in each county, to hold a regular term of the probate court at his office at the county seat, commencing at 9 o'clock A. M. on the first Monday of each calendar month, for the trial of such civil actions brought before such court as are not cognizable before a justice of the peace. Such regular term shall be deemed to be open without any formal adjournment thereof until the third Monday of the same month, when all causes not then finally determined shall be continued by such court to the next regular term; but such courts shall be deemed to be always open for the filing of papers and issuance of process in civil actions, and for the purpose of taking and entering judgment by confession."

Section 1007 of the Code provides: "The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety to be approved by such justice, in a sum not less than $50 in any case, nor less than double the amount of judgment and costs, conditioned: First—That the appellant will prosecute his ap-

McKinley v. Chapman.

peal to effect and without unnecessary delay.   Second—
That if judgment be adjudged against him on the appeal,
he will satisfy such judgment and costs.   Such undertak-
ing need not be signed by the appellant."

Had the county judge in this case been a justice of the
peace and the appeal undertaking delivered to him, as in
this case, no question, I think, would have been raised
against it on the ground that it was not filed in time.   The
Code gives the appellant ten days after the day on which
the judgment is rendered in which to file the undertaking.
There is no provision that it shall be filed during business
hours.   The undertaking must be delivered to the officer,
and if the sureties are deemed sufficient, it his duty to ap-
prove the undertaking.

In *State v. Clark*, 24 Neb., 318, where the justice had
received and retained the undertaking for an appeal with-
out objection, it was held to be his duty to approve the
same, and the appeal was sustained.   It is said: "The
particular objection to a bond presented to a justice for his
approval must be made at or soon after the time of receiv-
ing the same, and an opportunity given the appellant to
correct the alleged defect.   An appeal is a valuable right,
and being in furtherance of justice, the laws relating to it
are to be liberally construed.   The justice, therefore, is to
aid as far as possible in perfecting an appeal.   The fact
that the appeal is from his judgment is no reflection either
upon his integrity or ability."

It is very clear that the undertaking in this case was filed
within the proper time, and dates from the time of deliv-
ery.   The judgment is therefore reversed and the cause re-
manded for further proceedings.             .

REVERSED AND REMANDED.

THE other judges concur.